VINCENT J. DeMARTINI, SB # 70621
BARRETT R.P. SCHAEFER, SB # 212133
DeMARTINI & WALKER LLP
175 North Redwood Drive, Suite 250
San Rafael, CA 94903
Telephone: (415) 472-7880
Facsimile: (415) 472-7950

Attorneys for Creditor
GEORGINE DIXON

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>BLANCA L. BARAHONA,<br><br>Debtor. | Case No. 10-14545<br><br>Chapter 7<br><br>**EX PARTE APPLICATION REQUESTING IMMEDIATE RELIEF FROM AUTOMATIC STAY, OR IN THE ALTERNATIVE FOR AN ORDER SHORTENING TIME FOR HEARING ON MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br><u>RESIDENTIAL UNLAWFUL DETAINER</u><br><br>**(11 U.S.C. §§ 362(a), 362(f) and F.R.B.P. 4001, L.R. 4001-1; 9006-1)** |

  Creditor, GEORGINE DIXON, through her attorney, the Law Offices of DeMartini & Walker LLP, hereby applies ex parte for immediate relief from the automatic stay caused by Blanca L. Barahona's decision to file bankruptcy one Court day before the Marin County Sheriff was scheduled to restore possession of the residential real property to Creditor, GEORGINE DIXON, in order to obtain a bankruptcy stay in place which would delay execution on the issued and posted Writs of Possession.  This request for immediate relief also includes a request that the 14-day stay after granting this request be waived.  Alternatively, Creditor seeks an order shortening time for a hearing on her Motion for Relief from Automatic Stay (which Motion is

1

filed and served herewith), and that upon granting the Motion the 14-day stay after granting the Motion be waived. This Application and Motion are based upon the following facts:

1. The above Creditor seeks relief from stay to proceed with a consolidated unlawful detainer action in the Marin County Superior Court, Case No. CIV 1004511, with respect to the subject residential property located at 26-28 Warner Court, San Rafael, Marin County, California (hereinafter the "subject property"). The Creditor filed two unlawful detainer Complaints in Marin County Superior Court on August 25, 2010. The matters were subsequently consolidated by the Court as both actions involved the same parties and the same issues (for two separate street addresses, 26 and 28 Warner Court).

2. Debtor, Blanca L. Barahona apparently occupies the entirety of the property and is the defendant in the consolidated unlawful detainer action. As is set forth in more detail in the Declaration of Vincent J. DeMartini in Support of this Ex Parte Application and in Support of the Motion for Relief from Stay, debtor engaged in a series of tactics intended to delay the unlawful detainer action proceedings and to stall the inevitable restoration of possession to the Creditor herein. Despite the fact that debtor's actions have ultimately been unsuccessful, Ms. Barahona's actions have resulted in a delay in excess of more than three months since Creditor filed and served the unlawful detainer Complaints.

3. After the matter was remanded back to the jurisdiction of the Marin County Superior Court, the Court therein issued an ex parte Order consolidating the actions and requiring debtor to file an Answer on or before November 15, 2010. Debtor failed to file an Answer as ordered, and on November 19, 2010, Creditor requested that the Court enter a default judgment for possession of the subject property. In response to Creditor's request for entry of default judgment, on November 19, 2010, the Court entered judgement for possession of the subject property to Creditor and issued two Writs of Possession for each of the separate street addresses involved int eh consolidated action. The Writs were posted at the subject property on or about November 22, 2010, and the Marin County Sheriff was scheduled to restore possession of the subject property to Creditor on November 29, 2010.

4. However, on Wednesday, November 24, 2010 (which was the last Court day before

2

Ex Parte Application for Immediate Relief or Alternatively an Order Shortening Time
Case: 10-14545   Doc# 11   Filed: 12/02/10   Entered: 12/02/10 15:08:05   Page 2 of 6

the Sheriff was scheduled to restore possession), debtor filed for bankruptcy protection, in an obvious strategy to further delay restoration of possession to the owner of the subject property.

5. Creditor, GEORGINE DIXON, is the owner the subject property by virtue of a purchase and sale for valuable consideration and Grant Deed delivered on November 23, 2009, from Robert Griggi and Karen Griggi (hereinafter "Creditor's predecessors in interest"), husband and wife as grantors and GEORGINE DIXON, a married woman as her sole and separate property, as grantee.

6. On November 24, 2009, Creditor recorded said Grant Deed to the subject property in the Office of the Marin County Recorder as Instrument No. 2009–0065706. (See Exhibit "A" to the Declaration of Vincent J. DeMartini in Support of Motion for Relief from Stay filed herewith.)

7. Creditor's predecessors in interest, Robert Griggi and Karen Griggi, obtained title to the subject property as the bona fide purchasers for value by virtue of a trustee's sale duly made on November 17, 2009, and a Trustee's Deed executed and delivered to Robert and Karen Griggi, grantees, by Power Default Services, Inc. f/k/a Ahmsi Default Services, Inc. by T.D. Service Company, Inc., as agent for Trustee, as Trustee in a Deed of Trust executed and delivered by BLANCA L. BARAHONA, as trustor, and recorded on August 26, 2005, in the office of the Marin County Recorder, State of California, as Instrument No. 2005-0065235. (Declaration of Vincent J. DeMartini, Exhibit "B".)

8. Debtor is unable to pay her debts as they mature, is insolvent, and the Creditors does not have and has not been offered adequate protection for her interest in the subject property. Continuation of the Automatic Stay of 11 U.S.C. § 362 will work real and irreparable harm to Creditor and will deprive her of the adequate protection to which it is entitled under 11 U.S.C. § 362(d)(1)(2), for the following reasons, among others:

   a. Debtor does not have any interest in the subject property, since her ownership ceased in November 2009, due to a trustee's sale and on November 19, 2010, a judgment for possession was entered against her in the unlawful detainer action;

   b. On December 2, 2010, and after being explained the circumstances described

1 above, Bankruptcy trustee Jeffry Locke advised Creditor's counsel that he would not oppose the relief sought.

      c. The reasonable rental value of the subject property is $98.64 per day which is continuing to accrue unpaid;

      d. Debtor was in default on her note and deed of trust since on or before September 2, 2008, and made no further payments against said outstanding obligations since that time;

      e. The subject property is subject to deterioration, and Creditor lacks adequate protection of her interest in the subject property;

      f. The Creditor has not been offered adequate protection for her interest in the subject property;

      g. If the Creditor is not permitted to proceed with execution of the Writs of Possession issued by the State Court in connection with the unlawful detainer action and obtain possession of the subject property the Creditor will suffer irreparable injury, loss and/or damages as a result of the continued automatic stay.

9. It would be inequitable to allow debtor to continue in possession of the subject property as debtor has no interest in the subject property.

10. There have been no previous time modifications related to the subject of this request.

11. There will be no effect of the requested time modification on the schedule for the case or proceeding, since the debtor has no interest in the property. The effect of the time modification is that the owner of the subject property will be able to regain possession at an earlier time, so that she can attempt to sell or lease the property as soon as possible in order to recoup some of her losses which have been incurred as a result of debtor's delay.

12. Debtor has made every effort to remain in possession of the subject property for as long as possible, including filing a series of Motions which have been unsuccessful. In light of the foregoing, and due to the fact that debtor has repeatedly failed to provide a telephone number on any of the pleadings that she has filed in this Court, in the Marin County Superior Court and in the U.S. District Court so that movant's counsel has no way of contacting debtor, movant's

4
Ex Parte Application for Immediate Relief or Alternatively an Order Shortening Time

Case: 10-14545    Doc# 11    Filed: 12/02/10    Entered: 12/02/10 15:08:05    Page 4 of 6

counsel believes that debtor would not be agreeable to have the Motion for Relief from Stay heard on shortened time.

      Based upon the foregoing, Creditor respectfully requests that the Court immediately issue relief from the automatic stay and waive the 14-day stay that otherwise would be imposed upon the granting of such relief. Alternatively, Creditor seeks an order shortening time so that Creditor's Motion for Relief from Stay, consistent with the moving papers filed and served herewith can be heard on shortened time so that creditor can resume the eviction process for the subject property and regain possession of the property forthwith.

Dated: December 2, 2010                      DeMARTINI & WALKER LLP

                                              /s/ Vincent J. DeMartini
                                              Vincent J. DeMartini
                                              Attorney for Creditor, GEORGINE DIXON

# PROOF OF SERVICE

I, the undersigned, declare that:

I am over the age of eighteen years, employed in the County of Marin, and not a party to this action; my business address is 175 North Redwood Drive, Suite 250, San Rafael, CA 94903. On the date noted hereunder, I served the enclosed:

**EX PARTE APPLICATION REQUESTING IMMEDIATE RELIEF FROM AUTOMATIC STAY, OR IN THE ALTERNATIVE FOR AN ORDER SHORTENING TIME FOR HEARING ON MOTION FOR RELIEF FROM AUTOMATIC STAY**
on the following party(ies):

Blanca L. Barahona
26 Warner Court
San Rafael, CA 94901
Debtor in Pro Se

Jeffry Locke, Trustee
530 Alameda Del Prado, #396
Novato, CA 94949

*U.S. Trustee*
Office of the U.S. Trustee / SR
235 Pine Street
Suite 700
San Francisco, CA 94104

(X) BY MAIL - I am readily familiar with DeMartini & Walker LLP's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Rafael, California, in the ordinary course of business.

( ) BY FACSIMILE - I caused such documents to be transmitted to the telephone number of the addressee listed above, by use of facsimile telephone number (415) 472-7950. The facsimile machine used complied with *California Rules of Court*, Rule 2004 and no error was reported by the machine. Pursuant to *California Rules of Court*, Rule 2006(d) a transmission record of the transmission was printed.

( ) BY PERSONAL SERVICE as follows: I caused a copy of such documents to be delivered to be delivered by hand to the addressee between the hours of 9:00 a.m. and 5:00 p.m.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on December 2, 2010, at San Rafael, CA.

/s/ Donna J. Lewis
Donna J. Lewis

6

Ex Parte Application for Immediate Relief or Alternatively an Order Shortening Time
Case: 10-14545   Doc# 11   Filed: 12/02/10   Entered: 12/02/10 15:08:05   Page 6 of 6